FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

SEP 17 2010

Stephan Harris, Clerk
Cheyenne

Scott W. Meier (Wyo. Bar # 6-3116)
Lucas Buckley (Wyo. Bar # 6-3997)
Hathaway & Kunz, P.C.
2515 Warren Avenue, Suite 500
P.O. Box 1208
Cheyenne, WY 82001
Telephone: (307)634-7723
Fax: (307)634-0985
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# THE DISTRICT OF WYOMING

| | |
|---|---|
| KIMBERLY POLK, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-198-J |
| ) | |
| MERITAIN HEALTH, INC., a New ) | |
| York Corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Kimberly Polk ("Polk"), complaining of and against Meritain Health, Inc. ("Meritain"), states and alleges as follows:

### PARTIES

1. Plaintiff Polk is a citizen of the State of Wyoming, residing in Cheyenne, Laramie County, Wyoming.

2. Defendant Meritain is a foreign, for-profit corporation, organized under the laws of the State of New York, with its principal place of business located in Amherst, New York. Meritain is authorized to do business in Wyoming.

## JURISDICTION AND VENUE

3. Polk hereby incorporates by reference all of the allegations contained in paragraphs 1 through 2 hereof inclusive, as if set forth herein in full.

4. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

5. Venue is proper in the District of Wyoming, pursuant to 29 U.S.C. § 1132(e)(2), because the relevant health plan is administered in Wyoming and the breach of the health plan occurred in Wyoming.

## FACTUAL BACKGROUND

6. Polk hereby incorporates by reference all of the allegations contained in paragraphs 1 through 5 hereof inclusive, as if set forth herein in full.

7. On May 12, 2009, Polk sought treatment from Dr. John D. Bragg, at Laramie Physicians for Women and Children, PC, complaining of a pelvic mass which began a week prior.

8. Polk's personal physician, Dr. Babson, later diagnosed the pelvic mass as ovarian cancer in September 2009, which required chemotherapy treatment to combat.

9. In treating cancers such as Polk's with chemotherapy, an FDA approved, and widely used, method is to place an intravenous port in the chest near the clavicle and administer drugs known as Carboplatin and Taxol through the port.

10. This procedure is considered medically necessary to combat various types of cancer.

11. In December 2009, Polk had an intravenous port placed in her chest.

12. Polk was administered Carboplatin and Taxol through the port as a chemotherapy treatment.

13. In addition to the medically necessary treatment of Carboplatin and Taxol through the intravenous port, Polk also participated in a Phase III clinical trial of the drug Avastin.

14. Avastin was also administered through the intravenous port.

15. Approximately two weeks after having the intravenous port placed in her chest, Polk suffered complications in the form of an infection at the site of the port, requiring hospitalization at the University Hospital in Denver from January 12-14, 2010.

16. The January 12-14 hospitalization was the result of a medical emergency and all treatment received was medically necessary.

17. At all relevant times to this Complaint, Polk was an insured under an ERISA health plan (the "Plan") administered by Defendant and established by Cheyenne Radiology Group and MRI, P.C.

18. The Plan was established and is maintained for the purpose of providing medical,

surgical, hospital care, sickness and other benefits to beneficiaries and participants under the Plan.

19. The Plan was a self insured health plan through Cheyenne Radiology Group and MRI, P.C., which was the named fiduciary of the Plan.

20. Polk's medical expenses relating to the intravenous port infection were submitted to Defendant for benefits payments sometime between January 14, 2010, and January 21, 2010.

21. Defendant refused to certify Polk's claims for benefits on January 21, 2010, effectively denying payment and informing Polk of her right to appeal the decision. Defendant further expressly denied services in writing on February 9, 2010.

22. On behalf of Polk, Dr. John W. Wright, as an agent of Cheyenne Radiology Group & MRI, P.C., submitted an appeal of Polk's denial of benefits to Defendant on February 5, 2010.

23. On February 11, 2010, Defendant again denied benefits, citing Polk's participation in a Clinical Trial as the reason for denial of benefits relating to the infection of the intravenous port.

24. Polk requested another appeal on February 10, 2010, noting that an intravenous port "is standard treatment for ovarian cancer and is not experimental."

25. The February 10, 2010, appeal was denied by letter dated February 22, 2010, again for the reason that Polk was involved in a Clinical Trial. This letter noted that Polk had exhausted her internal appeals and had a right to sue under ERISA.

26. Defendant's refusal to pay for benefits has caused Polk significant damages in an amount to be proven at trial.

### FIRST CAUSE OF ACTION
### WRONGFUL DENIAL OF PAYMENTS UNDER 29 U.S.C. § 1132(a)

27. Polk hereby incorporates by reference all of the allegations contained in paragraphs 1 through 26 hereof inclusive, as if set forth herein in full.

28. The Employee Retirement and Income Security Act (ERISA) allows a civil suit by a plan participant or beneficiary to recover benefits due under the plan terms. 29 U.S.C. § 1132(a).

29. Defendant acted as a fiduciary in denying Polk benefits under the Plan, even when instructed by the Named Fiduciary, Cheyenne Radiology Group & MRI, P.C., to pay benefits.

30. Defendant failed to provide benefits due for a complication of a medically necessary treatment or procedure, namely the infection of the intravenous port, without a legitimate reason for doing so under the Plan.

31. Polk has incurred damages as a result of this failure to pay Plan benefits.

### SECOND CAUSE OF ACTION
### RECOVERY OF ATTORNEYS FEES AND COSTS UNDER 29 U.S.C. § 1132(g)

32. Polk hereby incorporates by reference all of the allegations contained in paragraphs 1 through 31 hereof inclusive, as if set forth herein in full.

33. Defendant's failure to pay benefits due and owing under the Plan has caused Polk to have to expend significant amounts in reasonable attorney's fees in order to recover benefits payments due.

34. 29 U.S.C. § 1132(g) provides that this Court may, in its discretion, provide attorneys fees to Plaintiff in an amount to be proven at trial.

THEREFORE, Plaintiff demands judgment against Defendant for:

1. The cost of Plaintiff's treatment from January 12-14 for the emergency medical treatment she received at University Hospital in Denver, in an amount to be proven at trial;

2. Interest thereon at the statutory rate of seven percent (7%) under Wyoming law;

3. Reasonable attorneys fees and costs of the instant suit;

4. All other relief the court deems necessary and proper.

Dated this 17th day of September 2010.

HATHAWAY & KUNZ, P.C.

*(signature)*

Scott W. Meier (Wyo. Bar # 6-3116)
Lucas Buckley (Wyo. Bar # 6-3997)
2515 Warren Avenue, Suite 500
P.O. Box 1208
Cheyenne, WY 82003
Tel.   307-634-7723
Fax:   307-634-0985

Attorneys for Plaintiff

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED
SEP 17 2010
CLERK, U.S.D.C.
CHEYENNE, WYOMING

## I. (a) PLAINTIFFS
KIMBERLY POLK

**(b)** County of Residence of First Listed Plaintiff: Laramie
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hathaway and Kunz, P.C. 2515 Warren Ave, Ste. 500 Cheyenne, WY 82001 307-634-7723

## DEFENDANTS
MERITAIN HEALTH, INC., a New York Corporation

County of Residence of First Listed Defendant: Erie, New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

10CV198-J

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC 1132
Brief description of cause:
ERISA claim for wrongfully denied benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 09/16/2010
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 10036  AMOUNT 350.00  APPLYING IFP  JUDGE  MAG. JUDGE